IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
MICHAEL T. SPENCE,              )
      Plaintiffs,               )
                                )
      v.                        )   Civil Action No. 12-1575
                                )
EQUIFAX INFORMATION SERVICES,   )
LLC,                            )
      Defendant.                )
```

## ORDER

AND NOW, this 11th day of December, 2012, IT IS HEREBY ORDERED that the parties shall comply with the following dates in the above-captioned matter:

1. **Initial Rule 16 Scheduling Conference**

Pursuant to Local Rule 16.1.1, an initial Rule 16 Scheduling Conference shall be held before the undersigned on <u>Monday, February 25, 2013, at 4:30 p.m.</u> in Suite 3250, 3rd floor, U.S. Courthouse. All counsel shall bring their calendars to the conference for scheduling purposes. The parties should be prepared to discuss settlement.

2.  **Rule 26(f) Conference**

Pursuant to Rule 26(f) and not withstanding the pendency of any outstanding motion, the parties **MUST** confer to consider the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, the ADR Process, and to make arrangements for the disclosures required by Rule 26(a) on or before January 9, 2013. Plaintiff shall initiate this conference.  However, the court will hold both parties responsible for ensuring that this conference is held in a timely manner.

3.  **Rule 26(f) Report**

The parties **MUST** confer as necessary and **MUST** file with the Clerk of Court a Rule 26(f) report on or about January 23, 2013. The Rule 26(f) Report **SHALL** comply, in form and content, with the "Federal Rule of Civil Procedure 26(f) Report of the Parties" that is available on the Court's website, www.pawd.uscourts.gov, where it can be downloaded and used as a word processing document.  The parties may decide who will prepare and file the Rule 26(f) Report.  However, the court will hold both parties responsible for ensuring that the Report is filed in the correct form and in a timely manner.

**4.    Selection of ADR Process**

**During the Rule 26(f) Conference, the parties MUST discuss the Alternate Dispute Resolution (ADR) Process.**  The parties must provide the Court with specific information regarding the ADR Process that they have selected in both the Rule 26(f) Report and the Stipulation Selecting ADR Process.

Specifically, the Rule 26(f) Report must include (1) the specific ADR process that has been selected and (2) the time frame in which the ADR process will be completed.  The Stipulation must include (1) the specific ADR process that has been selected, (2) how the parties have agreed to share the cost of ADR, (3) the name of the individual who will conduct the ADR, (4) the date the ADR process will occur, and (5) the names of the individuals who will attend the ADR.

The parties shall file with the Clerk of Court a stipulation selecting their ADR Process, concurrently with their Rule 26(f) Report.  This stipulation **SHALL** comply, in form and content, with the "Stipulation Selecting ADR Process" form that is available on the Court's website at http://www.pawd.uscourts.gov/Applications/pawd_adr/Pages/adr.cfm, which can be downloaded and used as a word processing document.

The parties may decide who will prepare and file the Stipulation Selecting ADR Process.  However, the court will hold both parties responsible for ensuring that the Stipulation is filed in the correct form and in a timely manner.

**5.      Availability of Expedited Civil Litigation Program**

As an alternative to conducting an ADR process, the parties may avail themselves of this Court's Expedited Civil Litigation Program.  Cases placed in this program will have an abbreviated pretrial period, be precluded from filing certain motions, and have limited appellate rights.  The expedited nature of this program places a case in a "trial-ready" posture approximately 180 days after placement.  Trial in these cases, which can be held before either a Judge or jury, is limited to three (3) hours of testimony per side.  Participation is entirely voluntary and placement is accomplished upon filing an irrevocable stipulation of the parties.  Further information about the program can be found on the Court's website at http://www.pawd.uscourts.gov/Pages/expedite.htm..

Should the parties seek placement of the instant case in this program, they should meet, confer and discuss all aspects of the program before executing an "Expedited Docket Stipulation", available at the above web address.  The filing of this stipulation, which shall be made in lieu of the required "Stipulation Selecting ADR Process" must be done concurrently with the filing of the parties' Rule 26(f) Report.

**6.    Rule 26(a) Disclosures**

The parties are excused from the requirement of making the disclosures required by Rule 26(a)(1) within fourteen (14) days after the Rule 26(f) Conference.  The parties may agree to make the required disclosures at any time following the Rule 26(f) Conference, and are encouraged to do so promptly.  The parties are reminded that under the rule a party shall make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  If the required disclosures have not been made as of the date of the initial Rule 16 Scheduling Conference, the court shall set a date by which such disclosures must be made at that Conference.


BY THE COURT:

s/Gary L. Lancaster        ,C.J.
Gary L. Lancaster,
Chief United States District Judge